ZECHARIAH CHAFEE *vs.* A. & W. SPRAGUE MANUFACTURING COMPANY *et als.*

A party, whether plaintiff or defendant, at law or in equity, who can make out his case without introducing into it a fraud in which his opponent and himself participated, will obtain relief in spite of any effort on the part of such opponent by plea or offer of proof to set up such fraud.

On a bill in equity to foreclose a pledge, the respondent submitted to the court for allowance issues to the jury whether the pledge was not given with intent to defraud the respondent's creditors.

*Held,* that the issues should not be allowed.

BILL IN EQUITY to foreclose a pledge. On motion for the allowance of issues to a jury.

*May* 12, 1883. CARPENTER, J. The complainant alleges that by deed of indenture made by himself and the respondents on the first day of November, 1873, the respondents conveyed to him certain estates and property to hold in trust, to secure the payment of certain negotiable promissory notes then given by them for the purpose of retiring or extending their obligations then outstanding to a large amount; that the indenture contained a covenant that the respondents would on request transfer to the complainant certain shares of the capital stock of certain corporations as col-

lateral security for the payment of the notes; and that, on the next day, in pursuance of request, the respondents transferred to the complainant accordingly four thousand and twenty two shares of the capital stock of the Quidnick Company, by way of pledge and collateral security for the payment of the notes; and prays a foreclosure of the pledge. The respondents answer that the said indenture was made for the purpose of hindering, delaying, and defrauding the creditors of the respondents. On motion to settle issues of fact to be tried by a jury, the respondents tender the following as issues:

1. Was the trust mortgage deed referred to in the complainant's bill made for the purpose and with the intent to hinder, delay, and defraud creditors; and was the said deed accepted by the said Chafee with the knowledge and intent and for the purpose of hindering, delaying, and defrauding creditors?

2. Was the said deed executed in violation of the general policy of the law, and known to have been so executed by the said Chafee when the same was executed and accepted by him?

The complainant objects to the allowance of these issues, claiming that the respondents cannot be allowed to set up their own fraud by way of defence, according to the maxim, " *Nemo allegans suam turpitudinem audiendus sit.*" The respondents rely on that doctrine commonly referred to by the maxim, " *In pari delicto potior est conditio defendentis vel possidentis;* " and they claim that the true intent and result of that doctrine is, that whenever the complainant in equity asks any relief requiring the active interposition of the court to perfect his right or title, in that case the respondent may be admitted to prove that the contract, instrument, or conveyance under which the complainant claims was made in violation of law. In support of this view many cases have been cited both at law and in equity. In all these cases, with a few exceptions hereafter to be noted, the plaintiff found it necessary, in order to support his complaint, either to prove as a substantive fact a fraud in which he had himself participated, or else to present proof of the consideration of a parol contract, and thus to open the way for the defendant, either by way of cross examination or by witnesses in defence, to show the true nature of the consideration. An examination of these cases, together with the

numerous cases cited by the complainant, discloses, as might be supposed, that the greater part of the cases in which plaintiffs have based a recovery on causes of action originating in the fraud alike of plaintiff and defendant, have been cases brought on executed conveyances in the law courts ; while the greater part of the cases in which the plaintiff has failed have been actions on executory contracts in the courts of equity. From this fact have been drawn two general statements of law, both of which were strongly urged by the respondents in their argument: *first*, that relief will be granted under executed but not under executory contracts ; and *second*, that relief may be granted in courts of law but not in courts of equity. We think these statements are founded in a generalization too broad to be supported by the cases cited in support of them. In a case cited by the respondents, where specific performance of an executory contract was prayed in equity, the contract being under seal, and a consideration therefore imported and not necessary to be proved, Lord Eldon granted the relief prayed, and, in disposing of a claim by the respondent to prove that the contract was made by himself and the complainant in fraud of creditors, used this language : " The question . . . is, whether all the parties having agreed with a fraudulent purpose . . . a court of equity will, at the instance of those who with a fraudulent view made it an absolute instrument, correct it and make it a mere mortgage security. That, I do not conceive, was ever done upon such grounds ; and therefore I think this decree right." *Baldwin* v. *Cawthorne*, 19 Ves. Jun. 166, 169.

We believe the right rule to be, both at law and in equity, that the party, whether plaintiff or defendant, who can make out his case without proving, or opening to the other party to prove, a fraud in which both in like manner participated, shall prevail against any pleading or proof of or offer to prove such fraud by the other party.

On the precise point here raised as to the foreclosure of a pledge, we find but few adjudicated cases. Against the right to recover may be cited *Miller* v. *Marckle*, 21 Ill. 152 ; *Westfall* v. *Jones*, 23 Barb. S. C. 9 ; and the *dictum*, confessedly based on the reasoning of a dissenting opinion in a former case, in *Jones's Adm'r* v. *Comer's Executor*, 5 Leigh, 350. In support of the opposite

view may be cited *Stewart* v. *Iglehart,* 7 Gill & J. 132 ; *Killinger* v. *Reidenhauer,* 6 Serg. & R. 531 ; and the *dictum* of Chief Justice Shaw in *Wearse* v. *Peirce,* 24 Pick. 141. We think the better reason is with the last named cases. The issues will, therefore, be disallowed.                                *Order accordingly.*

*Charles Hart, Benjamin F. Thurston, James Tillinghast & C. Frank Parkhurst,* for complainant.

*Benjamin F. Butler, Roger A. Pryor, Jerome B. Kimball & Andrew B. Patton,* for respondents.